The TOWN OF KIRKWOOD and the Town Board of the Town of Kirkwood Acting For and On Behalf of Water Districts 1, 2, 3 and 4, and Extension No. 1 of Water District No. 3, Extension No. 2 of Water District No. 3, Extension No. 3 of Water District No. 3, Extension No. 4 of Water District No. 3 and Extension No. 1 of Water District No. 4 of the Town of Kirkwood, Plaintiffs,

v.

GORICK CONSTRUCTION COMPANY, INC., Alfred F. GORICK, Diane K. MERKLE, Individually and as Executrix of the Estate of Stephanie GORICK, deceased, Alfred F. GORICK, Jr., David MERKEL, III, Sally M. SHIRK and D.A.S. Development Corp., Defendants.

No. 90–CV–110.

United States District Court, N.D. New York.

Oct. 21, 1992.

Herbert A. Kline, Town of Kirwood Atty., Binghamton, N.Y., for plaintiffs.

Whiteman, Osterman & Hanna (Jonathan P. Nye, of counsel), Albany, N.Y., for defendants.

## MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

Pursuant to Fed.R.Civ.P. 56, plaintiffs, the Town of Kirkwood and the Town Board acting for and on behalf of its Water Districts and Extensions (collectively "Kirkwood"), seek a summary judgment order establishing the strict, joint and several liability of the defendants Gorick Construction Co., Inc., Alfred P. Gorick, Sr., and Diane K. Mekel as Executrix of the Estate of Stephanie Gorick, deceased (collectively "the responding defendants"), under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607 (the first claim of plaintiffs' Complaint).

### CERCLA Liability

A party is liable under CERCLA if the following four elements are proven:

(1) that the site in question is a "facility," within the meaning of 42 U.S.C. § 9601(9)(B);

(2) that a "release" or "threatened release" has occurred at the site, within the meaning of 42 U.S.C. § 9601(22) & (14);

(3) that such a "release" or "threatened release" caused the plaintiff to incur

response costs. *See* 42 U.S.C. § 9607; and

(4) that the party is a responsible person within the four classes described in 42 U.S.C. § 9607(a).

*See United States v. Alcan Aluminum Corp.*, 755 F.Supp. 531, 535–36 (N.D.N.Y. 1991).

Under § 9607(a), liable parties for hazardous waste disposal are limited to:

(1) the owner or operator of a facility or vessel,·

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or threat of release which causes the incurrence of response costs, of a hazardous substance, shall be liable ...

42 U.S.C. § 9607(a)(1)–(4).

### Statement of Facts

The site in question consists of approximately 35 acres located between U.S. Route 11 and the Susquehanna River in the Town of Kirkwood, Broome County, New York. Gorick Construction, a New York corporation, operated a construction and demolition landfill at this site from 1964 to 1988 [1]. Plaintiffs claim that this site is presently owned by Alfred Gorick, Sr.[2], having previously owned it as tenants by the entirety with his wife Stephanie, who died on December 5, 1989. Both Alfred and Stephanie were shareholders, officers, and directors of Gorick Construction; and according to plaintiffs, both participated in the day-to-day management of Gorick Construction.

Since 1977 plaintiffs have installed at least two municipal water wells on condemned property that was once a part of the site in question. Trace amounts of trichloroethane ("TCE") and t–1,2–dichloroethene ("1,2 DCE") began showing up in water samples from these wells in October of 1987, with such amounts exceeding the N.Y.S. Health Department's acceptable limits for potable water by February of 1988. As a result, in order to bring the water back within the acceptable limits, plaintiffs have incurred response and remediation costs for the engineering, construction, and monitoring of an "air stripper." This "air stripper" became operational in April of 1989, and plaintiffs continue to incur costs incident to the monitoring of these wells, as well as the operational costs of maintaining and cleaning the "air stripper." To date all of the costs incurred by plaintiffs exceeds $270,000.00 (and may be as much as $386,000.00, *see* Plaintiffs' Memo, p. 2).

### Summary Judgment

Pursuant to Fed.R.Civ.P. Rule § 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In deciding such a motion, the Court is not to resolve disputed issues of fact, but rather, to assess whether material factual issues remain for the trier of fact, while resolving ambiguities and drawing reasonable infer-

---

[1]. The landfill operation was· closed by the N.Y.S. Dept. of Environmental Conservation on November 3, 1988. ·

[2]. However, contrary to· this claim, it appears from the deeds attached as exhibits to plaintiffs' Complaint that the site is not *presently* owned by the Alfred Gorick, Sr. or any of the other responding defendants.

ences against the moving party. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir, 1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986)). The party seeking summary judgment bears the burden of demonstrating the absence of material factual issues in dispute. *Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir.1983). However, "the opposing party may not rest upon mere conclusory allegations or denials[,]" they must "set forth 'supporting arguments or facts in opposition to the motion.'" *Id.* at 9 (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31 (2d Cir.1978)).

■ Even if this Court were to accept plaintiffs' contention that there is no material factual issues of dispute concerning:

(1) this site's existence as a "facility," within the meaning of 42 U.S.C. § 9601(9)(B);

(2) that a "release" or "threatened release" has occurred at the site, within the meaning of 42 U.S.C. § 9601(22) & (14);

(3) that such a "release" or "threatened release" caused the plaintiff to incur response costs, *see* 42 U.S.C. § 9607 —and this Court *doesn't*—plaintiffs have not demonstrated the absence of material factual issues in dispute regarding the responding defendants' responsibility as liable parties within the four classes described in 42 U.S.C. § 9607(a)[3].

Plaintiffs have not shown that Alfred Gorick, Sr., Dianne K. Mekel as Executrix of the Estate of Stephanie Gorick, or Gorick Construction is *now, or was, at the commencement of this action:*

(1) "the owner or operator of a facility or vessel"—at best, plaintiffs have only shown that these defendants *were* owners or operators;

(2) "a[ ] person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of"—plaintiffs have not, and apparently cannot, show *when* the disposal of the hazardous substances took place (i.e. the TCE and 1,2 DCE): accordingly, the Court would be making an impermissible inference in favor of movant if it were to accept the establishment of such disposal during the time period that these defendants were owners or operators;

(3) "a[ ] person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances—again, plaintiffs have made no such showing; or

(4) "a[ ] person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or threat of release which causes the incurrence of response costs, of a hazardous substance"— as above, there is no showing surrounding the circumstances of disposal, including the transport of such hazardous substances. *See* 42 U.S.C. § 9607(a)(1)–(4).

Therefore, because plaintiffs cannot show—as a matter of law—that the responding defendants are liable parties pursuant to 42 U.S.C. § 9607(a)(1)–(4), plaintiffs are not entitled to the summary judgment they now seek, and the present motion is hereby denied.

IT IS SO ORDERED.

---

**3.** i.e., factual questions still remain as to whether or not they are, or were, owner/operators within the scope of CERCLA liability.